# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DHC CORPORATION and DHC USA INCORPORATED**, <br><br> Plaintiff, <br><br> v. <br><br> **COSMEDIX, LLC and ASTRAL BRANDS, INC.**, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs DHC Corporation and DHC USA Incorporated (together, "DHC") bring this Complaint for trademark infringement and unfair competition against Defendants Cosmedix, LLC and Astral Brands, Inc. (collectively, "Cosmedix") regarding Cosmedix's improper use and infringement of DHC's federally protected trademarks.

## PARTIES

1. DHC Corporation is a corporation organized and existing under the laws of Japan, with a principal place of business located in Tokyo, Japan.

2. DHC USA Incorporated is a corporation organized and existing under the laws of California, with a principal place of business at 350 Old Silver Springs Road, Suite 100, Mechanicsburg, PA 17050 ("DHC USA"). DHC USA is registered to conduct business in the Commonwealth of Pennsylvania and is authorized to use and promote DHC Corporation's registered trademarks.

3. DHC Corporation works in conjunction with DHC USA to promote and sell DHC's products in the United States.

4. Defendant Cosmedix, LLC is a limited liability company organized and existing under the laws of Georgia, with a principal place of business at 6120 Powers Ferry Road NW, Suite 300, Atlanta, GA 30339-2982.

5. Astral Brands, Inc. is a corporation organized and existing under the laws of Georgia, also with a principal place of business at 6120 Powers Ferry Road NW, Suite 300, Atlanta, GA 30339-2982.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and common law.

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1131, 1132, and 1138.

8. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law pursuant to 28 U.S.C. § 1367(a) because these state law claims are so related to DHC's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. This Court has personal jurisdiction over Cosmedix because Cosmedix conducts continuous and systematic business within the Commonwealth of

Pennsylvania through, *inter alia*, Cosmedix's website: https://www.cosmedix.com. Purchasers from Pennsylvania are able to place orders and purchase Cosmedix's products through Cosmedix's interactive website and have the products shipped to the purchasers' addresses within Pennsylvania.

10. Moreover, Cosmedix has committed acts of trademark infringement and unfair competition in this District by offering its goods for sale in commerce in this District through its website.

11. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

12. DHC is a leading global provider of personal care products, beauty supply products, and cosmetics and has been transnationally engaged in the business of manufacturing, supplying, and selling its products, as well as rendering services related thereto, since 1980.

13. DHC's high quality brands are sold in multiple trade channels, including, but not limited to, numerous domestic and international internet websites, catalogs, and authorized retail stores.

14. A popular and well-known product line sold by DHC is its DEEP CLEANSING OIL facial cleanser and make-up remover, comprised of a unique

water-soluble formula that dissolves dirt and cosmetics while nourishing the user's complexion with antioxidant-rich oils.

15.   As a result of the longstanding use of the name DEEP CLEANSING OIL in the marketplace, DHC has taken steps to protect DEEP CLEANSING OIL by, *inter alia*, securing numerous United States trademark registrations, including U.S. Reg. Nos. 4,430,760 and 4,248,559, which remain in full force and effect (collectively, the "DHC Marks").  True and correct copies of each registration are attached together as Exhibit 1.

16.   These trademarks are registered to DHC and DHC has exclusive rights to the DHC Marks in connection with facial cleansers and make-up remover.

17.   The registrations are incontestable and serve as conclusive evidence of each mark's validity, and DHC's exclusive ownership and right to use the DHC Marks in connection with "Facial cleansers; Make-up remover," pursuant to 15 U.S.C. § 1115(b).  *See* Exhibit 1.

18.   Notwithstanding DHC's established standing in the marketplace, DHC became aware of activities carried out by Cosmedix, a skincare product manufacturer, that risk serious harm to DHC's DEEP CLEANSING OIL brand.

19.   Cosmedix is, according to its website, a "professional-level skincare brand at the intersection of luxury and cosmeceuticals. With clean ingredients, clinical level actives, luxurious product textures and natural botanicals,

4

COSMEDIX, which is owned by Astral Brands, provides skin wellness moments for an enhanced well being." COSMEDIX, *About Us*, https://www.cosmedix.com/pages/about-us (last visited Dec. 17, 2024).

20. On Cosmedix's website, Cosmedix is selling a product it calls "Purity Solution Nourishing Deep Cleansing Oil." In doing so, Cosmedix is advertising a product with a name that is confusingly similar to the DHC Marks.

21. Examples of Cosmedix's confusingly similar and infringing use of the DHC Marks is set forth in, *inter alia*, Exhibit 2, and can be found on Cosmedix's website at https://www.cosmedix.com/collections/cleansers/products/purity-solution.

22. In addition to advertising and promoting the infringing product on Cosmedix's website, the "Purity Solution Nourishing Deep Cleansing Oil" is available for purchase on multiple retail platforms including, but not limited to, Amazon, Dermstore, and Milk + Honey. *See* AMAZON, *COSMEDIX Cleansing Oil for Face - Purity Solution, Nourishing Deep Cleansing Oil - Makeup Remover & Oil Cleanser for Face Gently Removes Dirt - Argan Oil Facial Wash for Soft & Hydrated Skin*, https://tinyurl.com/4ujnvz34 (last visited Dec. 18, 2024); DERMSTORE, *COSMEDIX Purity Solution Nourishing Deep Cleansing Oil 3.3 oz*, https://tinyurl.com/34sju7zu (last visited Dec. 18, 2024); MILK + HONEY, *Purity Solution Deep Cleansing Oil*, https://tinyurl.com/3v7n4ytn (last visited Dec. 18,

2024).

23. The goods sold by DHC and Cosmedix are similar; travel in the same channels of trade; and are likely to be displayed to consumers under circumstances giving rise to a perception that the goods emanate from the same source.

24. Based on this type of unauthorized use of the DHC Marks, Cosmedix is attempting to convert the goodwill DHC has established for Cosmedix's own benefit; thereby diluting the distinctiveness of DHC's DEEP CLEANSING OIL brand and creating an association with inferior products.

25. On July 1, 2024, DHC sent the first of multiple cease-and-desist letters to Cosmedix demanding that Cosmedix cease-and-desist all use of the name "DEEP CLEANSING OIL," or any confusingly similar names, marks, or designs that collectively incorporate the terms "DEEP," "CLEANSING," and/or "OIL" including, but not limited to, display of the marks on any website, social media platform, domain names, meta tags, and/or keyword search terms.  True and correct copies of the July 1, 2024 and November 11, 2024 letters are attached together as Exhibit 3.

26. Despite acknowledging receipt of the July 1, 2024 letter, Cosmedix disregarded multiple follow-up e-mail and phone call communications from DHC, as well as the November 11, 2024 letter, and ultimately refused and/or failed to

refrain from engaging in improper and unlawful infringing activity. As a result, DHC was forced to institute this action.

27. Cosmedix's unauthorized use of the DHC Marks in the same marketplace constitutes infringement in violation of the Lanham Act, 15 U.S.C. § 1114, and also constitutes unfair competition under both federal and state law, and entitles DHC to preliminary and permanent injunctive relief, the recovery of compensatory and exemplary damages, disgorgement of profits Cosmedix has realized through Cosmedix's use of the DHC Marks, and reimbursement of attorneys' fees. *See* 15 U.S.C. §§ 1116-1117.

## COUNT I – TRADEMARK INFRINGEMENT

28. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

29. This is a claim for trademark infringement of DHC's federally registered marks in violation of 15 U.S.C. § 1114.

30. The use of the DHC Marks by Cosmedix is likely to cause confusion with DHC's registered marks regarding the source of Cosmedix's goods and regarding Cosmedix's affiliation with or sponsorship by DHC.

31. DHC is the owner and authorized user of federal registrations for the DHC Marks, which are valid and subsisting and, accordingly, priority is not an issue.

32. Cosmedix's marks do not create a distinct and novel commercial impression, but rather copy the commercial impressions of the DHC Marks.

33. The design elements and design marks used on Cosmedix's website do not obviate any likelihood of confusion because Cosmedix is advertising with marks and a name that are substantially similar to the DHC Marks; the goods sold by DHC and Cosmedix are similar; travel in the same channels of trade; and are likely to be displayed to consumers under circumstances giving rise to a perception that the goods emanate from the same source.

34. Cosmedix's goods offered under the "Purity Solution Nourishing Deep Cleansing Oil" name and marks, and DHC's goods offered under the DHC Marks are offered to overlapping classes of customers in overlapping markets through overlapping channels of trade.

35. Members of the relevant public and trade are likely upon seeing Cosmedix's products to incorrectly assume that Cosmedix's goods are offered or rendered by, under license from, or in affiliation with, DHC.

36. Use of the DHC Marks by Cosmedix violates DHC's rights in the registered DHC Marks.

37. DHC cannot control the nature of the quality of the goods offered by Cosmedix, and the continued use of such marks and names irreparably damages DHC and the goodwill DHC has established for the registered DHC Marks.

38. The continued intentional use of the marks and name by Cosmedix is willful, undertaken and continued in bad faith, and constitutes trademark infringement under 15 U.S.C. § 1114.

39. As a result of these wrongful acts, DHC is entitled to injunctive relief prohibiting Cosmedix from using the DHC Marks or any variation thereof, and/or any marks confusingly similar to DHC's registered DHC Marks and names in accordance with 15 U.S.C. § 1116, and/or any other confusingly similar marks or designs that collectively incorporate the terms "DEEP," "CLEANSING," and/or "OIL," and to recover all damages DHC has sustained as a result of Cosmedix's infringing acts in an amount not yet known, all gains, profits, and advantages obtained by Cosmedix as a result of their infringing acts, enhanced damages and profits, as well as reasonable attorney's fees and the costs of this action, together with prejudgment and post-judgment interest pursuant to 15 U.S.C. § 1117(a).

40. This is an exceptional case justifying the award of attorney's fees under Section § 1117(a).

41. DHC has no adequate remedy at law.

## COUNT II – UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

42. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

43. This is a claim for unfair competition in violation of 15 U.S.C. § 1125(a).

44. Cosmedix's uses of the "Purity Solution Nourishing Deep Cleansing Oil" mark and name are confusingly similar to the DHC Marks in sound, appearance, and commercial impression.

45. Such uses unlawfully exploit the commercial value DHC has developed in the DHC Marks and is likely to cause confusion, or to cause mistake, or to deceive regarding Cosmedix's affiliation or association with DHC and regarding the sponsorship or approval of Cosmedix's goods and/or services by DHC.

46. DHC is the owner and authorized user of the DHC Marks.

47. Cosmedix's uses of the marks and name are substantially similar to the DHC Marks and do not create a distinct and novel commercial impression; but rather incorporate the commercial impressions of the DHC Marks, especially because DHC is a known provider and retailer of DHC's DEEP CLEANSING OIL facial cleanser and make-up remover, and related goods.

48. The design elements in Cosmedix's product do not obviate any likelihood of confusion because they do not change the commercial impression of the word portion of the mark and name, "Deep Cleansing Oil."

49. Cosmedix's product(s) using the "Purity Solution Nourishing Deep Cleansing Oil" mark and name is offered to overlapping classes of customers as the products containing the DHC Marks and offered in overlapping markets through overlapping channels of trade.

50. Cosmedix's use is likely to cause and is causing DHC substantial and irreparable injury, depriving DHC of the right to control the use of the DHC Marks and to determine the manner in which the DHC Marks are represented to the general public.

51. Cosmedix's use of the DHC Marks in connection with its skincare goods is in bad faith, willful, and intentional, and constitutes unfair competition under 15 U.S.C. § 1125(a).

52. As a result of these wrongful acts, DHC is entitled to injunctive relief prohibiting Cosmedix from using the DHC Marks and any other marks confusingly similar to the DHC Marks and names, in accordance with 15 U.S.C. §1116, and/or any other confusingly similar marks or designs that collectively incorporate the terms "DEEP," "CLEANSING," and/or "OIL," and to recover all damages that DHC has sustained and will sustain, and all gains, profits, and advantages obtained by

Cosmedix as a result of Cosmedix's infringing acts in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

53. This is an exceptional case justifying the award of attorneys' fees under Section 1117(a).

54. DHC has no adequate remedy at law.

### COUNT III – COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

55. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

56. DHC is the owner and registrant of the DHC Marks and authorized to use the DHC Marks.

57. DHC has the right to enforce the DHC Marks.

58. Cosmedix is not authorized to use the DHC Marks or any variation thereof, including, *inter alia*, the use of "Purity Solution Nourishing Deep Cleansing Oil," or any mark confusingly similar to the DHC Marks.

59. The DHC Marks are inherently distinctive.

60. Cosmedix sells, promotes, and offers for sale its goods using the "Purity Solution Nourishing Deep Cleansing Oil" mark(s) in violation of and with knowledge of DHC's rights to the DHC Marks for the purpose of trading upon DHC's goodwill and reputation.

61. Cosmedix's use of the DHC Marks constitutes a willful and intentional infringement of DHC's common law trademark rights in the DHC Marks and is likely to cause confusion, mistake, and deception as to source, affiliation, or sponsorship with DHC.

62. DHC has been harmed by Cosmedix's wrongful acts.

63. DHC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DHC Corporation and DHC USA, Incorporated respectfully request that this Court:

1. Enter judgment in their favor and against Cosmedix on all counts in the Complaint;

2. Permanently enjoin and restrain Cosmedix, its agents, employees, and all other persons in active concert or participation with Cosmedix and that receive actual notice of this injunction from:

    a. Use and registration of the DHC Marks and any mark or name which contains or comprises any element of the DHC Marks in connection with facial cleansers, make-up remover products, and any related goods, services and/or business;

    b. Use and registration of the DHC Marks and any mark or name which contains or comprises any element of the DHC Marks in

        connection with any online activity or social media accounts, and to take steps to remove, cancel, or surrender all domain names, email addresses, Internet keywords, social media usernames, Facebook pages, Twitter/X pages, Instagram pages, LinkedIn pages, YouTube posts or pages, and any other online presence that incorporates or references the DHC Marks; and

    c.    Engaging in any other conduct that causes, or is likely to cause, confusion, mistake, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of their goods or services with DHC, DHC's goods, services, and/or business, or the DHC Marks;

3.    Order an accounting against Cosmedix for:

    a.    all profits received from the sale of goods or services, directly or indirectly, in connection with, advertised, or promoted in any manner, by or through the use of the mark and name "Purity Solution Nourishing Deep Cleansing Oil;"

    b.    damages sustained by DHC on account of Cosmedix's trademark infringement, unfair competition, and false designation of origin;

    c.    treble damages, where appropriate; and punitive damages to deter such actions in the future.

4. Award DHC damages in excess of $75,000 as well as the costs of this suit, including reasonable attorneys' fees and expenses, and including all fees and costs incurred in the collection and enforcement of any judgment subsequently obtained, with prejudgment and post-judgment interest pursuant to 15 U.S.C. § 1117;

5. Award an enhancement of damages to a sum not exceeding three (3) times actual damages as a result of Cosmedix's willful and improper use of the marks confusingly similar to the DHC Marks; and

6. Grant such further relief as this court deems just and appropriate.

                                      Respectfully submitted,

Dated:  December 27, 2024      **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Adam M. Shienvold*
Adam M. Shienvold, Esq. (PA Bar I.D. No. 81941)
213 Market Street, 8th Floor
Harrisburg, PA 17101
T: (717) 237-6000
F: (717) 237-6019
ashienvold@eckertseamans.com

Louis A. DePaul, Esq. (PA Bar I.D. No. 93873)*
Eric D. Brill, Esq. (PA Bar I.D. No. 330464)*
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
T: (412) 566-6051
F: (412) 566-6099
ldepaul@eckertseamans.com
ebrill@eckertseamans.com

*Counsel for Plaintiff*

*Pro Hac Vice Admission Forthcoming

16