# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DHC CORPORATION, *et al.*, | : | Civil No. 1:24-CV-02246 |
| Plaintiffs, | : | |
| v. | : | |
| COSMEDIX, LLC, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion to dismiss filed by Defendants Cosmedix, LLC and Astral Brands, Inc. (Doc. 16.) Defendants move to dismiss this action for lack of personal jurisdiction and improper venue, or in the alternative, transfer this action to the Northern District of Georgia. (*Id.*) The court finds that although personal jurisdiction has not been established at this juncture, it is appropriate to permit jurisdictional discovery. Thus, for the reasons that follow, the court will deny the motion to dismiss without prejudice and grant Plaintiffs' request to conduct jurisdictional discovery.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs DHC Corporation and DHC USA Incorporated ("DHC USA") (collectively, "Plaintiffs") initiated this action by filing a complaint for trademark infringement and unfair competition against Defendants Cosmedix, LLC ("Cosmedix") and Astral Brands, Inc. (collectively, "Defendants") under the

1

Lanham Act and common law. (Doc. 1.) The complaint alleges three claims: Count I for trademark infringement under 15 U.S.C. § 1114, Count II for unfair competition in violation of 15 U.S.C. § 1125(a), and Count III for common law unfair competition and trademark infringement. (*Id.*)

DHC USA has its principal place of business in Mechanicsburg, Pennsylvania, and is authorized to use and promote DHC Corporation's registered trademarks. (Doc. 1, p. 1.)[1] One of Plaintiffs' personal care products is its "Deep Cleansing Oil" facial cleanser and make-up remover. (*Id.* at 3.) Plaintiffs have registered trademarks to protect the exclusive right of its "water-soluble formula that dissolves dirt and cosmetics while nourishing the user's complexion with antioxidant-rich oils." (*Id.* at 4.)

Cosmedix is a provider of beauty and cosmetic products that is incorporated in Georgia and maintains its principal place of business in Georgia. (*Id.* at 2.) Astral Brands, Inc. is a corporation organized in Delaware or Georgia with its principal place of business in Georgia. (*Compare id.* at 2 *with* Doc. 17-1, pp. 2–3.) Plaintiffs filed this action on December 27, 2024, resulting from Defendants' sale of a "Purity Solution Nourishing Deep Cleansing Oil" that Plaintiffs believe to be "confusingly similar" with Plaintiffs' "Deep Cleansing Oil" product. (Doc. 1, p.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

5.)  Defendants sell their product on Cosmedix's website and retail platforms such as Amazon, Dermstore, and Milk + Honey.  (Doc. 1, p. 5.)

On February 13, 2025, Defendants moved to dismiss Plaintiffs' claim under Federal Rule of Civil Procedure (12)(b)(2) and further argue that venue is improper under Rule 12(b)(3) or should be transferred under 28 U.S.C. § 1404(a).  (Doc. 17, pp. 4, 7.)  Plaintiffs filed a brief in opposition on February 26, 2025.  On March 10, 2025, Defendants filed a reply in support of their motion to dismiss.  (Doc. 30.)  Thus, this motion is ripe for review.

## JURISDICTION

Under 28 U.S.C. § 1441, this action was properly removed to this court because the court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

## STANDARD OF REVIEW

Defendants seeks dismissal of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  The court, in determining whether it has personal jurisdiction over a defendant, must take the facts alleged by the plaintiff as true and construe disputed facts in the plaintiff's favor.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007));

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). At this stage of the case, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (internal quotations omitted) (quoting *O'Connor*, 496 F.3d at 316). Courts will typically allow limited jurisdictional discovery when a plaintiff's claim of jurisdiction "is not clearly frivolous." *Metcalfe*, 566 F.3d at 335–36 (citing *Compagnie Des Bauxites de Guinee v. L' Union Atlantique S.A. d' Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)).

## DISCUSSION

A district courts generally exercises "personal jurisdiction according to the law of the state where it sits." *Cruickshank-Wallace v. CNA Fin. Corp.*, 769 F. App'x 77, 79 (3d Cir. 2019) (citing FED. R. CIV. P. 4(k)(1)(A)). Pennsylvania's Long-Arm Statute confers personal jurisdiction to an extent consistent with that permitted by the United States Constitution. 42 PA. CONS. STAT. §§ 5308, 5322(b). Thus, the court's analysis will be confined to the constitutional requirements.

### A. General Personal Jurisdiction

The due process clause of the United States Constitution permits general and specific personal jurisdiction. *O'Connor*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction may be exercised over a foreign corporation when the corporation's "affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571

U.S. 117, 122 (2014). A corporation is "at home" where it is incorporated or has its principal place of business. *Id.* at 139.

The present case does not present a question of general personal jurisdiction. Defendants are not incorporated in Pennsylvania and do not maintain their principle place of business in Pennsylvania. (Doc. 17, pp. 1–2.) Similarly, there is no evidence to suggest that Defendants are otherwise at home in Pennsylvania, and Plaintiffs rest their argument solely on the existence of specific personal jurisdiction over Defendants. (Doc. 27, p. 6.)

### B. Specific Personal Jurisdiction

Defendants argue that jurisdiction is improper here because the "basis for personal jurisdiction by Plaintiffs is the non-unique ability of Pennsylvania residents to access and order products from Defendants' website." (Doc. 17, p. 4.) Similarly, Defendants claim that jurisdiction "inappropriately exclusively rests on the potential for contacts with customers in the Middle District of Pennsylvania." (Doc. 30, p. 3.) Because "Plaintiffs have failed to aver anything beyond a possible chance" of Defendants conducting business in Pennsylvania, Defendants argue that jurisdiction is improper. (*Id.* at p. 5.) Furthermore, Defendants assert that venue is improper under Rule 12(b)(3) or should be transferred under 28 U.S.C. § 1404(a) because Defendants' website "by no means specifically targeted Pennsylvania residents." (Doc. 17, p. 7.)

Plaintiffs counter that using an interactive website "designed and intended to reach customers in Pennsylvania" establishes proper jurisdiction and venue. (Doc. 27, p. 9.) Plaintiffs argue that Defendants demonstrate purposeful availment in this district by allowing Pennsylvania residents to purchase the infringing product, populating Pennsylvania addresses on their website's check-out page, and utilizing commercial retail websites for product sales. (*Id.* at 9, 11.)

Specific jurisdiction permits the court to "hear claims arising out of or relating to the defendant's purposeful contacts with the state." *Novinger's, Inc. v. A.J.D. Constr. Co.*, 376 F. Supp. 3d 445, 451 (M.D. Pa. 2019) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Three elements are required for a court to have specific jurisdiction: (1) the defendant purposefully directed its activities at the forum; (2) the cause of action arose out of or relates to at least one of the purposefully directed activities; and (3) if the first two elements are met, the court "may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

The court uses a "sliding scale" to evaluate whether business conducted on the internet complies with personal jurisdiction principles. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). The "middle ground" of the sliding scale "is determined by examining the level of interactivity

and commercial nature of the exchange of information that occurs on the Web site." *Id.* In *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, even though "only two percent" of defendant's subscribers were Pennsylvania residents, the sliding scale weighed in favor of establishing personal jurisdiction because the defendant developed purposeful contacts to furnish its internet access to customers within the state. *Id.* at 1127. When evaluating personal jurisdiction on the internet, courts find that "'the requirement that the defendant intentionally interact with the forum state via the website' is the crucial element to show purposeful availment in the internet context." *Gentex Corp. v. Abbott*, 978 F. Supp. 2d 391, 397 (M.D. Pa. 2013) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003)).

Automated website addresses and use of online retailers are not enough to show Defendants were purposely availing themselves of Pennsylvania and intending to reach consumers within the state. For example, in *Hershey Co. v. Pagosa Candy Co.*, the court found that personal jurisdiction was improper in Pennsylvania because the defendant was a Colorado corporation and "the fact that the Pagosa web site lists Pennsylvania as one in a list of general shipping destinations, standing alone, does not demonstrate the purposeful availment of doing business in Pennsylvania." No. 1:07-CV-1363, 2008 WL 1730538, at *7 (M.D. Pa. Apr. 10, 2008); *see also Guidecraft, Inc. v. OJCommerce*, No. 2:18-CV-

01247, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019), *report and recommendation adopted*, No. 2:18-CV-01247, 2019 WL (W.D. Pa. June 5, 2019) (ruling that because "Plaintiff has not shown how Defendants knowingly made contact with Pennsylvania, or how it directly targeted its website toward Pennsylvania, other than through its commercial activities on the internet," personal jurisdiction was improper for a toy manufacturer who could simply "glean customers" due to the "wide geographic reach of the internet").

    Here, Plaintiffs cannot definitively prove the first element of the specific jurisdiction analysis without additional evidence. Based on the information presented, it appears that this case is in the middle ground of the *Zippo* sliding scale, as Defendants maintain an interactive website, but uncertainty exists as to whether Defendants actively direct their "Purity Solution Nourishing Deep Cleansing Oil" sales to Pennsylvania. *See* 952 F. Supp. at 1124. As *Hershey Co.* and *Guidecraft, Inc.* indicate, simply displaying Pennsylvania addresses on a website's automated check-out screen or using Amazon and other commercial retailers is not enough to prove that personal jurisdiction exists. *See* 2008 WL 1730538, at *7; 2019 WL 2373440, at *5. Thus, Plaintiffs' reliance on Defendants' list of Pennsylvania addresses on their website and Defendants' use of online retailers to show why personal jurisdiction exists does not meet the court's purposeful availment standards. *See Hershey Co.*, 2008 WL 1730538, at *7;

8

*Guidecraft*, 2019 WL 2373440, at *5.  Accordingly, personal jurisdiction over Defendants has not been established at this juncture.

### C. Jurisdictional Discovery

Plaintiffs submit that if a prima facie case of personal jurisdiction is not established, then they should be granted leave to conduct limited jurisdictional discovery.  (Doc. 27, p. 19.)  Defendants maintain that "Plaintiffs' have failed to meet their burden of establishing personal jurisdiction" and do not address Plaintiffs' request for jurisdictional discovery.  (Doc. 30, p. 3.)

As to jurisdictional discovery, "[a]lthough the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing discovery unless the plaintiff's claim is clearly frivolous." *Toys "R" Us, Inc.*, 318 F.3d at 456 (internal quotations and citations omitted).  "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (internal quotations and citations omitted).  However, the court cannot permit a "fishing expedition" by the plaintiff.  *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (citing *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009)).

The best evidence of specific jurisdiction is tangible evidence of a product in a state, which can be shown through jurisdictional discovery. *See Gentex Corp.*, 978 F. Supp. 2d at 398–399 (denying a motion to dismiss for lack of personal jurisdiction because records showed "at least seventeen separate orders" of defendant's helicopter helmets in Pennsylvania plus the "standing intent" to accept orders from the Commonwealth was demonstrated by defendant's automatic drop-down menu for residential addresses on their website). The Third Circuit has affirmed the allowance of jurisdictional discovery to obtain the "business plans, marketing strategies, sales, and other commercial interactions" of a Spanish toy manufacture to determine whether a trademark infringement claim had proper jurisdiction. *Toys "R" Us, Inc.*, 318 F.3d at 458 (finding that the "specific, non-frivolous, and a logical follow-up" to obtain information about the defendant's business activities was appropriate). This court, too, has granted jurisdictional discovery when specific jurisdiction was "plausible," and the plaintiff's factual allegations were "sufficient" to warrant additional discovery. *Mahone v. Johnson Controls, Inc.*, 1:23-cv-1935, 2024 WL 1861530, at *3 (M.D. Pa. Apr. 29, 2024); *see also McHugh v. Vertical Partners W., LLC*, 3:18-cv-1012, 2020 WL 2839090, at *3 (M.D. Pa. June 1, 2020) (granting jurisdictional discovery because specific jurisdiction was "conceivable" with additional evidence that a battery pack sale from an online seller was directed to reach Pennsylvania).

Here, Plaintiffs' factual allegations are sufficient to allow for jurisdictional discovery because specific jurisdiction is possible. *See Mahone*, 2024 WL 1861530, at *3. Additional evidence can prove whether Defendants availed themselves of Pennsylvania by distributing the "Purity Solution Nourishing Deep Cleansing Oil" into the Commonwealth's stream of commerce. Jurisdictional discovery can reveal whether Defendants sell the cleansing product in Pennsylvania, whether Defendants ship the cleansing product directly to Pennsylvania consumers, and whether Defendants sell from brick and mortar stores in Pennsylvania. If these questions are answered in the affirmative with sufficient evidence, specific jurisdiction is "conceivable." *See McHugh*, 2020 WL 2839090, at *3. Therefore, the court will grant Plaintiffs' request for jurisdictional discovery.[2]

## CONCLUSION

For the reasons stated herein, the court will deny Defendants' motion to dismiss without prejudice and grant the parties a period of 90 days to conduct jurisdictional discovery. An appropriate order will issue.

Dated: July 11, 2025

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

---

[2] The court will not address Defendants' arguments regarding improper venue under Federal Rule of Civil Procedure 12(b)(3) or transfer of venue under 28 U.S.C. §1404(a) at this juncture as the court will first determine whether it has personal jurisdiction over Defendants.